UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ELROY A. PHILLIPS,**

       **Plaintiff,**

**v.**                                              **Case No:   6:13-cv-363-Orl-22GJK**

**ROBERT RILEY and SEAN DEGRILLA,**

       **Defendants.**

### REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS', ROBERT RILEY AND SEAN DEGRILLA, RENEWED MOTION FOR SANCTIONS (Doc. No. 39)** |
| **FILED:** | **October 10, 2014** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.   BACKGROUND.**

    **A. The Complaint.**

On March 4, 2013, Plaintiff initiated this action pro se.  Doc. No. 1.[1]  On July 8, 2013, Plaintiff filed an amended complaint (the "Complaint") against Officers Sean DeGrilla and Robert Riley (collectively, the "Defendants").  Doc. No. 23.  The Complaint arises from Defendants' February 10, 2010 arrest of Plaintiff.  *Id*. at ¶ 1.  The gravamen of the Complaint is that

---

[1] Plaintiff has proceeded pro se throughout this case.

Defendants violated Plaintiff's "Constitutional rights under the Fourth Amendment of the United States Constitution and the laws of the State of Florida" by "unlawfully inflict[ing] bodily harm to plaintiff, falsely arrest[ing] plaintiff, and unlawfully search[ing] his car and person[.]" *Id*. at ¶ 2. As a result of these alleged violations, Plaintiff alleges that he suffered, among other things, bodily injury, financial harm, and has been "unable to find gainful employment and has been fired from a job." *Id*. at ¶¶ 4-5. Plaintiff seeks $350,000.00 in compensatory damages, $50,000.00 in punitive damages, and deletion of all criminal records created as a result of his arrest. *Id*. at 3.

### B. Motion to Compel Discovery.

On August 28, 2014, Officer DeGrilla, filed a Motion to Compel Answers to Interrogatories and Responses to Request to Produce (the "Motion to Compel"). Doc. No. 34. According to Officer DeGrilla, on September 17, 2013, he served Plaintiff with his First Set of Interrogatories and First Request to Produce. *Id*. at ¶ 1. In his First Request to Produce, Officer DeGrilla requested production of "[c]opies of federal tax returns for the Plaintiff for the five (5) years prior to the date of the incident" and "[a] complete list of earnings information." Doc. Nos. 34 at ¶ 2; 34-1 at 13. On October 19, 2013, Plaintiff served Officer DeGrilla with a response to his First Request to Produce, indicating, in relevant part, that production of his tax returns and earnings information is "[f]orthcoming." Doc. No. 34 at ¶ 2. In the Motion to Compel, Officer DeGrilla represented that "Plaintiff has failed to respond or serve objections to the requested discovery within the time permitted by the Federal Rules of Civil Procedure." *Id*. at ¶ 3. Officer DeGrilla maintained that he needed these materials to prepare for Plaintiff's "September 25, 2014" deposition, and so he can disclose his expert report by the October 6, 2014 deadline. *Id*. at ¶ 4, 3 n.1. Accordingly, Officer DeGrilla requested an order "requiring plaintiff to respond to the above-mentioned discovery[.]" *Id*. at 3.

Given Officer DeGrilla's need for the requested discovery, the Court entered an Order to Show Cause the same day the Motion to Compel was filed.  Doc. No. 35.  The Court ordered Plaintiff to show cause by September 5, 2014, why he should not be ordered to immediately produce his tax returns and earnings information.  *Id*. at 1.  The Court admonished Plaintiff that failure to respond in the time provided may result in the imposition of sanctions, including, but not limited to, dismissal of the case without further warning.  *Id*. at 1-2.  Plaintiff did not file a response to the Order to Show Cause.

On September 9, 2014, in light of Plaintiff's failure to respond to the Order to Show Cause, the Court entered an order granting the Motion to Compel.  Doc. No. 36.  The Court, understanding the Motion to Compel as only seeking Plaintiff's tax returns and earnings information, ordered Plaintiff to produce the same on or before September 19, 2014.  *Id*. at 2.[2]

### C. Defendants' First Motion for Sanctions.

On September 11, 2014, Defendants filed a Motion for Sanctions (the "Motion").  Doc. No. 37.[3]  In it, Defendants represented that Plaintiff, in contravention of the Court's Order to Show Cause, which Plaintiff acknowledged receiving, had not filed his response to Officer DeGrilla's First Set of Interrogatories or provided his tax returns or earnings information.  *Id*. at ¶¶ 1-2, 4.  Additionally, Defendants represented that Plaintiff, despite having been timely served with a subpoena *duces tecum*, failed to bring any of the documents sought in the Motion to Compel or in the subpoena for his September 5, 2014 deposition.  *Id*. at ¶ 3.[4]  In light of the foregoing,

---

[2] The Motion to Compel only addressed Officer DeGrilla's First Set of Interrogatories in the title of the motion.  *See* Doc. No. 34.  The body of the Motion to Compel only referred to document requests.  *Id*.  Consequently, the Court only ordered Plaintiff to provide his tax returns and earnings information.  Doc. No. 36 at 2.

[3] Although the First Set of Interrogatories, First Request to Produce, and Motion to Compel were filed by Officer DeGrilla, Officer Riley, who is represented by the same counsel as Officer DeGrilla, joined the Motion and maintains the discovery at issue is also relevant to his defense.  Doc. No. 37 at 2 n.1.

[4] The Motion to Compel misrepresented the date that Plaintiff's deposition was to be taken.  Doc. No. 37 at ¶ 2.

Defendants requested that the Court sanction Plaintiff by dismissing the case with prejudice. *Id*. at ¶¶ 7-8. On September 24, 2014, the Court entered an order denying the Motion for the following reasons: 1) the Motion was premature in light of the Court's order providing Plaintiff until September 19, 2014, to respond to Defendants' discovery requests; and 2) Defendants failed to explain why no lesser sanction will suffice. Doc. No. 38.

### D. Defendants' Second Motion for Sanctions.

On October 10, 2014, Defendants filed a Renewed Motion for Sanctions (the "Renewed Motion"). Doc. No. 39. In it, Defendants, in addition to making many of the same representations made in the Motion (Doc. No. 37), represent that Plaintiff has not yet responded to the First Set of Interrogatories or produced his tax returns or earnings information. *Id*. at ¶¶ 1-2. Due to Plaintiff's failure to respond to Defendants' discovery requests, Defendants' expert report was timely filed without the benefit of the information sought by the discovery at issue. *Id*. at ¶ 5. In light of the foregoing, Defendants request that the case be dismissed with prejudice. *Id*. at ¶¶ 6-8 (citing Fed. R. Civ. P. 37(b)(2)(A)(v); 41(b)).

On October 28, 2014, the Court, in response to the Renewed Motion, entered an Order to Show Cause setting the matter for a hearing on November 6, 2014, "for Plaintiff to show cause why the Court should not impose sanctions due to his failure to respond to Defendants' discovery requests and comply with the Court's orders[.]" Doc. No. 42 at 4. The Court, among other things, directed Plaintiff to appear at the hearing in person and bring with him the following materials: 1) fully executed responses to Defendants' First Set of Interrogatories; 2) the tax returns and earnings information requested in Defendants' First Request to Produce; and 3) the documents requested in the subpoena for Plaintiff's September 5, 2014 deposition. *Id*. The Court

admonished Plaintiff that "failure to attend the hearing and/or bring the materials outlined above may result in sanctions including, but not limited to, dismissal of this case[.]" *Id*.

On November 6, 2014, the undersigned held a hearing pursuant to the Order to Show Cause. Doc. No. 43. Plaintiff did not appear at the hearing. *Id*. Accordingly, the undersigned proceeded to inquire of Defendants' counsel about the status of the outstanding discovery and whether lesser sanctions would be appropriate under the circumstances of this case. Counsel represented that Defendants have not received Plaintiff's response to any of the written discovery at issue, and argued that lesser sanctions would not be appropriate.

## II. LAW.

It is well-established that a district court has the power to manage its own docket, which includes the inherent power to dismiss an action for failure to prosecute or for failure to obey a court order. *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972); *see also* Fed. R. Civ. P. 37(b)(2)(A)(v) (permitting dismissal as a sanction for failure to comply with a court order); Fed. R. Civ. P. 41(b) (stating that a dismissal is permissible "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order").[5] Dismissal of a case with prejudice is considered "a sanction of last resort, applicable only in extreme circumstances." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (per curiam) (internal quotation marks omitted). A district court may only properly impose dismissal with prejudice when: "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (internal quotation marks omitted).

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

### III.  ANALYSIS.

Plaintiff has engaged in a clear pattern of willful contempt. This pattern of conduct originated a year ago when Plaintiff failed to timely respond to Defendants' First Set of Interrogatories and produce his tax returns and earnings information. Eventually, Defendants moved to compel production of the outstanding discovery. Doc. No. 34. The Court has since entered two (2) orders directing Plaintiff to produce the outstanding discovery. Doc. Nos. 36; 42. Plaintiff has not complied with either order. Plaintiff's noncompliance is not the product of mere negligence or confusion. *See Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) ("Mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct"). Plaintiff has had a year to respond to the discovery at issue. The record reveals that Plaintiff has been receiving orders from the Court pertaining to the discovery at issue, and therefore is aware of the actions he has been ordered to take (i.e., respond to Defendants' discovery) and the consequences that may result if he fails to abide by the Court's orders (i.e., dismissal of the case). *See* Doc. No. 39-1 at 5 (Plaintiff's deposition testimony indicating that he received Defendants' motion to compel and the Court's August 28, 2014 Order to Show Cause). Despite Plaintiff's awareness, he has repeatedly and unjustifiably failed to comply with the Court's orders. For these reasons, the undersigned finds that Plaintiff has engaged in a clear pattern of willful contempt.

The case should be dismissed with prejudice as no lesser sanction would suffice. Specifically, the undersigned has considered financial sanctions. Such sanctions would have little, if any, effect on remedying the prejudiced Plaintiff's noncompliance has had on Defendants' ability to defend this action.[6] The undersigned has also considered striking the pleadings and/or

---

[6] Discovery closes today and Defendants had to depose Plaintiff and serve their expert report without the benefit of the information sought by the discovery at issue. *See* Doc. Nos. 30 at 1; 39 at ¶ 5; 39-1.

deeming certain matters admitted. Imposing either of these sanctions, however, would effectively end this case, since the discovery Plaintiff has not provided touches upon both liability and damages. *See* Doc. No. 34-1. The late stage of the proceeding weighs heavily in favor of dismissal with prejudice.[7] Finally, Plaintiff has not only refused to provide discovery, but has also failed to appear in response to an order directing him to do so. Doc. Nos. 42; 43. For these reasons, the undersigned finds that no lesser sanctions would suffice, and that the case should be dismissed with prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

## IV.   CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Renewed Motion (Doc. No. 39) be **GRANTED**;

2. The case be **DISMISSED WITH PREJUDICE**; and

3. The Clerk be directed to close the case.

**The Clerk is directed to send a copy of this report and recommendation to Plaintiff via certified and regular mail.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[7] The discovery deadline is today and the dispositive motions deadline is November 17, 2014. Doc. No. 30 at 1.

    Recommended in Orlando, Florida on November 7, 2014.

                                            GREGORY J. KELLY
                            UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy